IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| WASHINGTON REGIONAL OUTREACH SERVICES | PLAINTIFF |
| VS.                                    CASE NO. 2011-5030 | |
| MPT OF FAYETTEVILLE, LLC, a Delaware Limited Liability Company | DEFENDANT |
| MPT OF FAYETTEVILLE, LLC, a Delaware Limited Liability Company | COUNTER-PLAINTIFF/ THIRD-PARTY PLAINTIFF |
| VS. | |
| WASHINGTON REGIONAL OUTREACH SERVICES | COUNTER-DEFENDANT |
| AND | |
| NORTHWEST ARKANSAS REHABILITATION ASSOCIATES, a general partnership; AND CMS FAYETTEVILLE REHABILITATION, INC. | DEFENDANTS |

### AFFIDAVIT OF R. STEVEN HAMNER

I, R. Steven Hamner, having been duly sworn, state under oath, that the following facts are true and correct to the best of my knowledge, information, and belief:

1. I am the Executive Vice President & CFO of Medical Properties Trust, Inc. Medical Properties Trust, Inc., is the sole owner and member of MPT of Fayetteville, LLC ("MPT"). I am authorized to testify as to the issues set forth herein.

2. MPT is the legal owner of the real property at issue in this dispute (the "Property").

3. MPT exists for the sole purpose of owning and operating the Property.

4851-0144-9230.1

4. The revenue generated from monthly rent payments pursuant to the lease agreement between Northwest Arkansas Rehabilitation Associates and MPT (the "Lease Agreement") represents MPT's sole source of cash flow and is required for MPT to comply with its obligations both to its tenant and with its other obligations associated with ownership of the Property.

5. MPT is responsible for satisfaction of significant current expenses associated with the Property: property taxes, property and casualty insurance, liability insurance, maintenance, upkeep, capital improvements, etc.

6. The Lease Agreement between MPT and Northwest Arkansas Rehabilitation Associates provides for the payments to MPT and others to satisfy these expenses.

7. Unless the terms of the Lease Agreement with respect to payment are followed, MPT has no other income source from which to pay these expenses and costs.

8. MPT associates with other separate entities in $780,000,000 in debt and credit facilities. MPT has guaranteed the payment of those facilities.

9. The Court's ruling that all of the rent may belong to another party and the inability of MPT to collect and use rent each month may disqualify MPT as a guarantor of this debt. This disqualification will impact compliance with terms of the debt and at a minimum decrease the amount of such debt that may remain outstanding

10. The withholding of rent payments due under the Lease Agreement defeats MPT's ability to continue as a matter of going concern and to meet its obligations associated with the Property.

11. MPT believes the current range of rental rates for hospitals similar to the Property is generally between 8.0% and 11.0% of the real estate value, for an average of 9.5%; this belief

is based on multiple recent transactions that MPT has participated in, including specifically a recent sale and a separate recent lease to an affiliate of co-plaintiff NARA.

12. By implying that Washington Regional would be able to negotiate lease payments equal to the agreed monthly rent under the Lease Agreement also implies that the value of the real estate is more than double the $9.2 million asserted by Plaintiff.

13. If the value of the real estate is $9.2 million, Plaintiff would be unable to negotiate rent exceeding approximately $874,000 ($9.2 million divided by 9.5%); conversely, if Plaintiff has a legitimate claim for the total rent, the real estate is worth an amount more aptly represented by MPT's appraisal.

Further Affiant sayeth not.

*/s/ R. Steven Hamner*
R. Steven Hamner

## ACKNOWLEDGEMENT

STATE OF Alabama      )
                      ) §§
COUNTY OF Jefferson   )

On this date, R. Steven Hamner did appear before me, the undersigned Notary Public, and executed the foregoing Affidavit of his own free will and volition, and for the purposes stated therein.

Subscribed and sworn before me, the undersigned Notary Public, within and for the above County and State, this the 27 day of January, 2012.

*/s/ Elizabeth E. Bridgman*
Notary Public

My Commission Expires:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Jan 27, 2014
BONDED THRU NOTARY PUBLIC UNDERWRITERS

4851-0144-9230.1                          3