IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WASHINGTON REGIONAL OUTREACH SERVICES                         PLAINTIFF

VS.                              CASE NO. 2011-5030

MPT OF FAYETTEVILLE, LLC,
a Delaware Limited Liability Company                                         DEFENDANT

MPT OF FAYETTEVILLE, LLC,                              COUNTER-PLAINTIFF/
Delaware Limited Liability Company                    THIRD PARTY PLAINTIFF

VS.

WASHINGTON REGIONAL OUTREACH SERVICES       COUNTER-DEFENDANT

AND

NORTHWEST ARKANSAS REHABILITATION
ASSOCIATES, a general partnership, AND
CMS FAYETTEVILLE REHABILITATION, INC.                         DEFENDANTS

## RESPONSE IN OPPOSITION TO
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Washington Regional Outreach Services ("Washington Regional") respectfully submits this Response in Opposition to the Motion for Partial Summary Judgment (Doc. 53) filed by Defendant MPT of Fayetteville, LLC ("MPT").

1. MPT moves for partial summary judgment on three points. None of the points have merit and the Court should deny the Motion in its entirety. Washington Regional denies the averments and contentions made in MPT's Motion and supporting papers unless specifically admitted herein.

1

*First Point*

2. MPT contends that Northwest Arkansas Rehabilitation Associates ("NARA") and CMS Fayetteville Rehabilitation, Inc. ("CMS") should be dismissed from the action because the Lease and Security Agreement ("Lease") states that if both Washington Regional and/or NARA attempt to exercise the purchase option under the Lease, then the option will vest solely in Washington Regional. While Washington Regional does have the preeminent purchase option, the Court should not grant summary judgment on this issue and dismiss NARA and CMS from the suit.

3. MPT filed a Motion to Join NARA and CMS as Necessary Parties pursuant to Rule 19(a) (Doc. 8). The Court granted MPT's Motion. In obtaining the Motion, MPT successfully argued to this Court that if Washington Regional's exercise of its option fails, then NARA and CMS may have purchase options. *See* Brief in Support of MPT's Motion to Join NARA and CMS as Necessary Parties Pursuant to Rule 19 (Doc. 9) ("A decision in MPT's favor could nullify Washington Regional's exercise of its option and potentially give effect to NARA or CMS's option to purchase the property"). The Court granted MPT's Motion. MPT should not now be heard to assert a contradictory argument. Moreover, NARA and CMS have interests in the property that need to be adjudicated in this case. NARA and CMS have an interest in the disposition of the enhanced, holdover rent paid into the registry of the Court. Additionally, NARA and CMS have an interest in NARA's leasehold as evidenced by NARA and CMS's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 57) aimed at enjoining threatened efforts to remove NARA from the Property prior to the trial of this matter.

*Second Point*

4.     MPT contends that it did not fail to timely provide the appraisal of its designated appraiser.  MPT contends that the Lease does not contain a deadline for providing its appraisal and that MPT was merely obligated to begin its appraisal within fifty days of Washington Regional's Notice of its exercise of its purchase option.  This is the first time MPT has asserted that it merely had to *begin* the appraisal within the time frames prescribed by the lease.  MPT originally committed in writing to Washington Regional that it would provide its appraisal on January 17, 2011 (45 days after exercise of Washington Regional's Notice).  Moreover, MPT informed its appraiser that it had to have a "craft" or "draft" of the appraisal by January 17, 2011. *See* Exhibit 5.  However, MPT's appraiser did not even arrive in Fayetteville, Arkansas to conduct his appraisal until January 17, 2011. *See* Exhibit 6.  MPT subsequently contended that it had until January 22, 2012 (50 days after Washington Regional exercised its purchase option) to provide its appraisal.  However, MPT failed to meet that deadline as well because the Federal Express package containing its appraisal was not received by Washington Regional until January 24, 2012, and notices sent by overnight delivery service are effective *on receipt* pursuant to the Lease.

5.     MPT's contention that it merely had to begin its appraisal within 50 days of Washington Regional's exercise of its purchase option does not make sense in the context of the Lease.  There are other timelines in the lease, such as the provision for appointing a third appraiser that depend on timely submission of completing appraisals by the parties.  MPT's argument focuses on the word "proceed," but the focus should be on the phrase "proceed to appraise."  An examination of this phrase as used in similar contexts shows that the phrase "proceed to appraise" means to conduct an appraisal, not merely begin an appraisal.

3

*Third Point*

6.     MPT contends that it is entitled to summary judgment that as a matter of law, the proper measure of damages for Washington Regional's claim for equitable compensation is the lost fair rental value of the property, less interest earned by Washington Regional on the purchase money not paid, and less expenses and carrying charges incurred by MPT. Reducing the doctrine of equitable compensation to a formulaic "measure of damages" is not appropriate. Equitable compensation in a specific performance case is not a form of money damages but is more like an accounting seeking to put the parties into the situation they would have been had there been no breach. *Miller v. Estate of Dawson*, 14 Ark. App. 167, 686 S.W.2d 443 (1985). The term "measure of damages" is inapplicable because there is no precise formula for awarding equitable compensation. *See* Howard W. Brill, *Specific Performance in Arkansas*, 1995 Ark. L. Notes 17, 22-23. A court determining equitable compensation in a specific performance case uses equitable principles to fashion a remedy that is appropriate and just under the circumstances.

7.     MPT contends that the rent it is charging under the lease is the fair rental value, contends that Washington Regional can receive no more than fair rental value, but at the same time denies that Washington Regional is entitled to those rents under the doctrine of equitable compensation. MPT's position is inconsistent. MPT contends that Washington Regional cannot seek the rent MPT has received because Washington Regional's appraisal shows that the Fair Market Value Purchase Price of the Property is $9,400,000 rather than $19,500,000 as MPT contends. However, the Court does not look to the appraisals in fashioning an equitable

compensation remedy, but rather looks to the facts and circumstances of each case. Moreover, the Fair Market Value Purchase Price of the property is not exclusively a function of possible rental income. Rental income is one factor, but there are other applicable appraisal methods such as the cost approach and sales comparison approach which are to be considered under the Uniform Standards of Professional Appraisal Practice—the standards applicable to appraisals under the Lease. MPT's request for summary judgment on this point should be denied.

8.     MPT's Motion is premature as the parties are presently conducting depositions which will likely have bearing on the issues presented in MPT's Motion. The Depositions of Tom Olmstead and Steve Hamner were taken on Thursday, April 12th and the transcripts of those depositions are not yet available. The depositions of Rob Moss and Emmett McClean of MPT and Art Wilson of HealthSouth are being conducted this week in Birmingham, Alabama. These depositions have bearing on the issues of the timing of the conduct of MPT's appraisal as well as NARA and CMS's interests in NARA's leasehold in the Property. Two depositions are scheduled next week, including the deposition of Mr. Salzgeber. These depositions will have bearing on the issue of the rent charged under the Lease, and Mr. Salzgeber's deposition will also have bearing on the timing of the conduct of MPT's appraisal. Washington Regional respectfully requests that it be permitted to supplement its Response to this Motion after depositions are completed.

9.     Washington Regional relies on the pleadings, motions, briefs, and the numerous exhibits thereto on file, and other matters of record. Washington Regional files contemporaneously and incorporates herein by reference its Brief in Opposition to MPT's Motion and its Response to MPT's Statement of Undisputed Facts and Statement of Disputed Facts for trial.

Washington Regional further attaches hereto and incorporates herein by reference the following exhibits:

| Exhibit | Description |
| --- | --- |
| Exhibit 1. | Excerpt, Report of Steve Hamner, |
| Exhibit 2. | Fed Ex Delivery Confirmation (previously filed as Doc 48-2) |
| Exhibit 3. | Excerpt, Fed Ex Service Guide |
| Exhibit 4. | Interrogatory Response regarding exact type of Federal Express service used by MPT to send appraisal to Washington Regional. |
| Exhibit 5. | E-mail Exchange |
| Exhibit 6. | Email Exchange |

WHEREFORE, Washington Regional Outreach Services prays that the Court deny MPT's Motion for Partial Summary Judgment and grant it all other proper legal and equitable relief.

Respectfully submitted,

WASHINGTON REGIONAL OUTREACH SERVICES,PLAINTIFF/COUNTER-DEFENDANT

By its Attorneys,

THOMAS J. OLMSTEAD, Ark. Bar. No. 95175
3215 N. Hills Blvd
Fayetteville, AR 72703
Tel (479) 463-5018
Fax (479) 463-7924
tolmstead@wregional.com

                    G. ALAN WOOTEN, Ark. Bar No. 71083
                    CONNER & WINTERS, LLP
                    4375 N. Vantage Drive, Suite 405
                    Fayetteville, AR 72703
                    Tel (479) 582-5771
                    Fax (479) 587-1426
                    awooten@cwlaw.com


                    ROBERT A. FRAZIER, Ark. Bar No. 2004125
                    Frazier & Frazier, Lawyers, PLC
                    114 S. 1st Street, Suite 202
                    Rogers, AR 72756
                    Tel 479-636-1028
                    Fax (800) 948-0084
                    robert@frazierlayers.com

By:
                    */s/ Robert A. Frazier*
                    *Attorneys for Plaintiff*
                    *Washington Regional Outreach Services*

**CERTIFICATE OF SERVICE**

      I, Robert A. Frazier, attorney for Plaintiff, Washington Regional Outreach Services, hereby certify that on April 18, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all attorneys of record.

MCHAEL R. BOND
RUSSELL C. ATCHLEY
KUTAK ROCK, LLP
234 East Milsap Road, Suite 400
Fayetteville, AR 72703-4099
(479) 973-4200 Telephone
(479) 973-0007 Facsimile
Michael.Bond@KutakRock.com
Russell.Atchley@KutakRock.com

D. Scott Funk, admitted pro hac vice
LOOPER, REED & MCGRAW
1300 Post Oak Blvd.
Houston, TX 77056
(713) 986-7000 Telephone
(713) 986-7100 Facsimile
sfunk@lrmlaw.com


ALFRED F. ANGULO, JR.
BARRETT & DEACON, P.A.
P.O. Box 1506
Fayetteville, AR 72702
(479) 582-5353
dangulo@barrettdeacon.com

                                               */s/ Robert A. Frazier*